The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 *********
Accordingly the undersigned find as facts and conclude as matters of law the following, which were entered into by the parties at the initial hearing and following, and in a Pre-Trial Agreement dated July 30, 1996, as
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on September 24, 1995.
3. Defendant-employer is self-insured with Key Risk Management Services as the servicing agent.
4. The parties agree the average weekly wage is $459.36 per week.
5. Plaintiff's claim is for injury to her back and knee. Defendant's initially accepted compensability for plaintiff's back, but denied liability for plaintiff's knee.
6. An Industrial Commission Form 22 and five (5) pages of plaintiff's payroll records from defendant-employer are admitted into evidence as Stipulated Exhibit #1.
7. Plaintiff's medical records and rehabilitative records regarding this claim are admitted into evidence.
8. Issues to be determined are whether plaintiff suffered a compensable injury to her knee on September 24, 1995, and if so, to what, if any benefits is she entitled.
 ********** RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. Mark Foster, Dr. Yvonne Nelson, and Dr. Candela are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
 **********
Based upon all of the competent, credible, and convincing evidence adduced in this case and reasonable inferences drawn therefrom, the undersigned make the following additional
 FINDINGS OF FACT
1. On September 24, 1995 plaintiff was a 47 year old female employed by defendant-employer as a nurse's assistant. On that date, plaintiff suffered a compensable back injury when she slipped and fell while carrying a patient's dentures.
2. When plaintiff fell on September 24, 1995, her right leg slid from under her and she landed on her knees, twisting her back.
3. Plaintiff immediately reported the accident and received treatment from the emergency room at defendant-employer. At that time plaintiff reported back pain to Dr. Nelson. Treatment on September 24, 1995 concentrated on plaintiff's back pain, and there was no record of complaints of knee pain. Plaintiff was provided an excuse from working from September 28, 1995 through October 2, 1995.
4. Dr. Nelson, an expert in Family Practice and Occupational Health, treated the plaintiff on September 28, 1995, October 2, 1995, October 5, 1995, October 16, 1995, October 24, 1995, November 6, 1995, November 20, 1995 and December 18, 1995. During these visits, Dr. Nelson primarily treated plaintiff for lower back strain, but she also examined plaintiff's right leg due to plaintiff's complaints of muscle spasms. Plaintiff did not make any complaints of right knee pain to Dr. Nelson until Dr. Nelson examined plaintiff on December 18, 1995 for a "fitness for duty" evaluation.
5. When plaintiff complained to Dr. Nelson of muscle spasms in her right leg and continued pain from lower back into right hip, on October 5, 1995, Dr. Nelson recommended an MRI and evaluation by Dr. Mark Foster, an orthopedic surgeon.
6. Plaintiff's October 10, 1995 MRI of the spine was unremarkable, except for degenerative changes. Dr. Nelson started plaintiff on physical therapy on October 20, 1995, and this continued.
7. Dr. Margit Royal, a neurologist, evaluated plaintiff on November 14, 1995, and at that time, plaintiff specifically stated her knees did not hurt her. Plaintiff had no nerve damage.
8. On December 4, 1995 plaintiff visited an Urgent Care Facility with a severely swollen and painful right knee. On December 5, 1995, plaintiff saw Dr. Foster's physician's assistant, complaining of right knee pain. Plaintiff's knee was hot and swollen with some fluid and very limited range of motion. On December 8, 1995 Dr. Foster's examination was concerned with plaintiff's back because plaintiff reported minimal complaints with her right knee.
9. On December 11, 1995 Dr. Foster released plaintiff to return to work with no disability with respect to her back.
10. Plaintiff first visited Dr. Candela, an orthopedist, on December 29, 1995. At this time plaintiff reported she injured her back and right knee in the fall on September 24, 1995. Plaintiff had a great deal of swelling in her knee, so much that Dr. Candela, at first, thought plaintiff had a cyst. A January 6, 1996 MRI revealed a torn lateral collateral ligament, an interior ligament torn, the posterior cruciate ligament. It also indicated swelling of the gastrocnemius muscle, which is located in the calf. No cyst was found.
11. Based on the conflicts between plaintiff's testimony and statements to medical providers in the fall of 1995, and her doctors' testimonies, the undersigned give more weight to the expert testimony of Dr. Nelson and Dr. Mark Foster.
12. Plaintiff has failed to prove by the greater weight of the competent, credible, or convincing evidence that her knee problems which first manifested in December, 1995, are causally related to her compensable back injury of September 24, 1995. Dr. Candela based his causation of plaintiff's knee injury on plaintiff's statement she had injured her knee on September 24, 1995, but even Dr. Candela expected plaintiff to have experienced immediate knee symptoms, such as pain and swelling. None of plaintiff's medical providers, prior to December 1995, noticed any right knee pain and swelling.
13. Additionally, the type of damage to plaintiff's right knee observed and treated by Dr. Candela would require a twisting or hyperextension towards the inside of the knee. Plaintiff's fall on September 24, 1995 consisted of falling down on both kneecaps.
14. Dr. Nelson evaluated plaintiff on December 18, 1995 with respect to her back injury and returning to work. Plaintiff's back injury did not prohibit plaintiff from returning to work. A nurse's position was available for plaintiff, and plaintiff spoke with defendant-employer about returning to work on December 15, 1995, but plaintiff did not return.
15. Plaintiff sought and received treatment from Dr. Toni Harris, a pain management specialist, for continuing complaints of low back pain. Dr. Harris' treatment improved plaintiff's level of pain, but Dr. Harris did not excuse plaintiff from work as a result of her September 24, 1995 back injury.
16. Plaintiff's inability to return to work after December 15, 1995 was unrelated to her compensable back injury. Plaintiff failed to return to work in the offered position which was the same or equal to her position prior to September 24, 1995.
17. Plaintiff has failed to prove by the greater weight of the competent, credible, or convincing evidence a causal connection between her September 24, 1995 work-related incident and right knee problems beginning in December, 1995.
 **********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following additional
 CONCLUSIONS OF LAW
1. On September 24, 1995, plaintiff sustained an injury by accident to her back arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. §97-2(6).
2. Plaintiff's right knee problems do not result from plaintiff's work-related injury on September 24, 1995, and plaintiff is not entitled to compensation with regard to this problem. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff is entitled to have defendants provide all medical treatment arising from the September 24, 1995, compensable back injury to the extent it tends to effect a cure, give relief, or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 **********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable back injury on September 24, 1995 when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
2. Plaintiff's claim for additional compensation and benefits related to her right knee problem is DENIED.
3. Each side shall bear its own costs.
The case is ORDERED REMOVED from the Full Commission hearing docket.
This the ____________ day of ______________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ RENEÉ C. RIGGSBEE COMMISSIONER
JHB/kws